NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JORGE ALVARADO, | : | |
| | : | Civil Action No. 23-1192 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| BRUCE DAVIS, et al., | : | |
| | : | |
| Respondents. | : | |

This matter comes before the Court on Petitioner Jorge Alvarado's petition for a writ of habeas corpus (ECF No. 1) and his response (ECF No. 3) to this Court's order directing him to show cause why his petition should not be dismissed with prejudice as time barred. For the reasons set forth below, Petitioner's habeas petition shall be dismissed.

Petitioner filed his current petition on March 6, 2023. (ECF No. 1.) In reviewing that petition, this Court noted that it appeared that Petitioner's habeas petition was time barred by a considerable period of time, explaining as follows:

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one[1] begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d

---

[1] Although several of Petitioner's claims relate to "newly discovered evidence" and appellate counsel's failure to press that evidence on appeal, the new evidence in question was a letter Petitioner received "while awaiting sentencing," and which formed the basis for a motion for a new trial before Petitioner's direct appeal began. (*See* ECF No. 1-2 at 2-3.) As such, the newly discovered evidence in question provides no basis for a later start date for the limitations period as it was in Petitioner's possession in advance of the conclusion of direct appeal.

> 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). As Petitioner did not file a petition for certiorari on direct appeal, his conviction became final and his one-year limitations period began to run ninety days after he was denied certification by the New Jersey Supreme Court on May 16, 2008,[2] *see State v. Alvarado*, 195 N.J. 521 (2008), or on August 14, 2008. Absent some basis for the tolling of the limitations period, Petitioner's one year limitations period expired one year later on August 14, 2009, fifteen months before Petitioner filed his first post-conviction relief petition in November 2010. (*See* ECF No. 1 at 12; ECF No. 1-2 at 3.)
>
> While the one-year limitations period is subject to statutory tolling, that tolling only applies during the period where a "properly filed" petition for post-conviction relief is pending in the state courts. *Jenkins*, 705 F.3d at 85. Here, Petitioner did not file his post-conviction relief petition until November 2010, fifteen months after his one-year limitations period had already expired. (ECF No. 1-2 at 3.) As his one-year limitations period expired considerably before the filing of his post-conviction relief petitions, statutory tolling is of no benefit to Petitioner and his habeas petition appears to be well and truly time barred by more than fifteen months absent some basis for equitable tolling.
>
> Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Petitioner has failed to present any basis for equitable tolling in his habeas petition, and this Court can deduce no basis for such tolling from the record presented thus far, and Petitioner's habeas petition thus appears to be well and truly time barred by fifteen months.

(ECF No. 2 at 1-2.) This Court therefore directed Petitioner to show cause why his petition should not be dismissed within 45 days.

---

[2] In his habeas petition, Petitioner provides a date of May 6, 2008, for the denial of his petition for certification, but the official reporting for the denial is dated May 16, 2008. This Court presumes that May 6 was a typo, and gives Petitioner the benefit of the actual date the denial was filed.

Petitioner filed a response on March 28, 2023.  (ECF No. 3.)  In that response, Petitioner essentially contends that his petition should not be dismissed because he had limited English language abilities and needed help in preparing his papers throughout the course of his appeals and post-conviction proceedings, and the lack of Spanish language legal materials should therefore qualify as a basis for tolling.  (*Id.*)

Unfortunately for Petitioner's efforts in that response, although he may have presented what might have been a compelling case for the need for a hearing to resolve the time bar issue, *see Pabon,* 654 F.3d at 399-400, the actual effect of Petitioner's argument was to remind this Court that this is not Petitioner's first attempt to challenge his current murder conviction through a habeas petition.  Indeed, he filed a previous petition challenging the very same conviction in 2015, which this Court dismissed with prejudice as time barred *following* an evidentiary hearing on the exact issue Petitioner raises in his response in October 2016.  (Docket No. 15-3878 at ECF Nos. 30-31), a point which Petitioner chose not to mention in his current habeas petition or response to the Order to Show Cause.  Indeed, Petitioner appealed that dismissal and was denied a certificate of appealability by the Third Circuit.  (*See* Docket No. 15-3878 at ECF No. 43.)

This Court has thus *already* dismissed Petitioner's first habeas petition as time barred, which renders the current petition a second or successive habeas petition filed without leave of the Court of Appeals.  Pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), this Court's jurisdiction over second and successive habeas petitions brought under § 2254 is limited.  *See* 28 U.S.C. § 2244(b)(3)(A).  Under AEDPA, a habeas petitioner may not file a second or successive habeas petition in this Court without first receiving authorization from the appropriate court of appeals, in this case the Third Circuit.  *Id.*  Absent a grant of authorization from the Court of Appeals, this Court lacks jurisdiction over a second or successive

3

habeas petition. *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (district court "never had jurisdiction to consider" successive petition where the petitioner "did not seek or obtain authorization to file in the District Court"); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

As it is now clear that this Court previously dismissed Petitioner's first petition on the merits as time barred, Petitioner's current filing is a second or successive petition brought without leave of the Court of Appeals over which this Court lacks jurisdiction. This Court is thus faced with two options – dismiss the petition or transfer it if to do so would be in the interests of justice. A transfer would only be in the interests of justice if Petitioner presented a meritorious basis for the granting of leave to file a second or successive petition – i.e. Petitioner has presented a prima facie claim for relief which either relies on a new rule of constitutional law made retroactive to cases on collateral review or a prima facie claim which could not have been previously discovered through due diligence. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010); *see also* 28 U.S.C. § 2244(b). None of the claims Petitioner now presents contain such a claim. It would therefore not be in the interests of justice to transfer Petitioner's habeas petition to the Third Circuit for consideration as a request for leave to file a second or successive petition, and Petitioner's habeas petition must therefore be dismissed as a second or successive petition brought without leave.

In conclusion, Petitioner's habeas petition is dismissed as a second or successive petition brought without leave of the Court of Appeals. An appropriate order follows.

s/Stanley R. Chesler
Hon. Stanley R. Chesler,
United States District Judge

Dated: March 29, 2023